```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

PIUS A. OBIOHA                              CIVIL ACTION

VERSUS                                      NO: 13-6164

AMERICAN SECURITY                           SECTION: "A" (4)
INSURANCE COMPANY AND
OCWEN LOAN SERVICING, LLC
```

## ORDER

Before the Court is a **Motion to Remand (Rec. Doc. 10)** filed by plaintiff Pius A. Obioha. Defendant, American Security Insurance Company, opposes the motion. The motion, set for hearing on January 15, 2014, is before the Court on the briefs without oral argument. For the reasons that follow the motion is **GRANTED**.

### I.   BACKGROUND

Pius A. Obioha ("Plaintiff") initiated this suit against American Security Insurance Company ("American Security") and Ocwen Loan Servicing, LLC in state court on August 29, 2013. American Security then removed the case to federal court on October 23, 2013, and now Plaintiff has filed a motion to remand the case back to state court.

Plaintiff alleges that his insured property located in New Orleans, Louisiana sustained severe damage to the roof, and that wind and wind-driven rain caused property damage affecting the building's exterior and interior walls. (Rec. Doc. 1-1 ¶ 5).

Plaintiff seeks to recover a range of damages, expenses and costs, including but not limited to attorney's fees, sanctions, legal interest and penalties. (Rec. Doc. 1-1 ¶ 10).

American Security removed the suit from state court alleging jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction. According to the Notice of Removal, Plaintiff is a citizen of Louisiana and American Security is a citizen of Delaware, with the State of Georgia as its principal place of business at the time of removal. (Rec. Doc. 1 ¶ 2). Ocwen is alleged to be a citizen of Delaware and Florida. The jurisdictional question turns on whether the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(b).

Plaintiff argues that remand is required because the amount in controversy does not exceed the statutory amount for federal subject matter jurisdiction. But Defendant contends that the amount in controversy easily surpasses the required amount in controversy for proper removal. Additionally, subsequent to Defendant's opposition to the Motion to Remand, Plaintiff filed a stipulation waiving his right to recover any amount in excess of $75,000.00. (Rec. Doc. 14).

**II. DISCUSSION**

It is well established that the party invoking the jurisdiction of a federal court has the burden of proving that

2

the exercise of such jurisdiction is proper. Stafford v. Mobil Oil Corp., 945 F.2d 803, 804 (5th Cir.1991)(quoting Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir.1988)). Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.1988)).

In Luckett v. Delta Airlines, Inc., the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed. 171 F.3d 295, 298 (5th Cir. 1999). In such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Id. (citing De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)). As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

Id. (citing Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).

Plaintiff's memorandum in support of his motion to remand contains a contractor's estimate of repair costs totaling $19,039 (Rec. Doc. 10-2 ¶ IV). That estimate has allegedly increased to $36,000 due to further deterioration of the property and as a result of inaction, lack of repair work and exposure to the elements. Id. Plaintiff estimates that his other claims total $20,000 for damages due to relocation and other associated costs and expenses. Id. Therefore, looking solely to Plaintiff's estimates, the amount in controversy is at least $56,000, excluding the claim for attorney's fees and penalties.

American Security reads Plaintiff's petition to be a claim for the remaining balance of policy limits. (Rec. Doc. 12 p. 2). Indeed, in his state court petition, Plaintiff sought judgment for the "full extent of the policy of insurance covering the house" for myriad expenses, costs and damages. (Rec. Doc. 1-2 ¶ 10). The Court finds this statement to be equivocal and subject to varying interpretations. Upon closer reading, Plaintiff's claim is apparently for damages up to the full extent of the policy, not a claim for the full value of the insurance policy. It is the value of the plaintiff's claim, not the value of the underlying policy, that determines whether the jurisdictional minimum is satisfied Bush v. State Farm Fire & Cas. Co., No. 07-7253, 2007 WL 4259501 (E.D. La. Dec. 3, 2007) (Berrigan, C.J.).

4

Thus, the Court does not agree with Defendant's contention that Plaintiff's base claim (without considering penalties and attorney's fees) is for the policy limits.

Even though Plaintiff's base claim is far below the jurisdictional threshold required for federal subject matter jurisdiction, American Security argues that jurisdiction is proper in light of Plaintiff's claim for penalties, attorney's fees and damages. The Court finds American Security's quantum estimates for these additional elements of recovery to be excessive and far too speculative to support federal subject matter jurisdiction. A claim for statutory penalties and attorney's fees does not ipso facto render a case removable to federal court.

Finally, the Court notes that the Plaintiff recently filed a stipulation regarding damages on January 30, 2013, whereby he waived his right to recover sums exceeding $75,000. Removal cannot be defeated by stipulating a lower amount in controversy after the date of removal, and "litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints." De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). Therefore, the Court did not consider the stipulation when assessing the merits of Plaintiff's Motion to Remand.

In sum, American Security has not met its burden of

establishing that the amount in controversy exceeds $75,000. The Court therefore lacks subject matter jurisdiction over this action.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 10)** filed by plaintiff Pius A. Obioha should be and is hereby **GRANTED**. This case is remanded to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) due to lack of subject matter jurisdiction.

March 6, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE